UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

H & H PROPERTY MANAGEMENT, LLC,

    Plaintiff,

    v.

TYRONE T. TAYLOR, et al.,

    Defendants.

_____/

No. C 13-5039 PJH

**ORDER REMANDING CASE**

Defendants Tyrone Taylor and Novella Taylor ("defendants") removed this case from the Superior Court of California, County of Alameda, on October 29, 2013. The court has reviewed the notice of removal and the state court complaint, and finds that the case must be remanded for lack of subject matter jurisdiction.

Subject matter jurisdiction is fundamental and cannot be waived. Billingsly v. C.I.R., 868 F.2d 1081, 1085 (9th Cir. 1989). Federal courts can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate – those involving diversity of citizenship or a federal question, or those to which the United States is a party. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994); see also Chen-Cheng Wang ex rel. United States v. FMC Corp., 975 F.2d 1412, 1415 (9th Cir. 1992) (federal courts have no power to consider claims for which they lack subject-matter jurisdiction).

A defendant may remove a civil action filed in state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441. The removal statutes are construed restrictively, however, so as to limit removal jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); see also Matheson v. Progressive Specialty

Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). The district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); Albingia Versicherungs A.G. v. Schenker Int'l, Inc., 344 F.3d 931, 936 (9th Cir. 2003).

Subject matter jurisdiction is determined from the face of the complaint. Toumajian v. Frailey, 135 F.3d 648, 653 n.2 (9th Cir. 1998) ("[f]or removal to be appropriate, a federal question must appear on the face of the complaint"); see also Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (federal question must be presented on face of plaintiff's properly pleaded complaint); Fifty Assocs. v. Prudential Ins. Co. of Am., 446 F.2d 1187, 1189-90 (9th Cir. 1970) (existence of diversity jurisdiction must be sufficient on the face of the complaint). Jurisdiction may not be based on a claim raised as a defense or a counterclaim. K2 America Corp. v. Roland Oil & Gas, LLC, 653 F.3d 1024, 1029 (9th Cir. 2011).

The complaint at issue was filed in Alameda County Superior Court by plaintiff H&H Property Management, LLC. The complaint alleges a single cause of action under state law for unlawful detainer. Defendants filed a notice of removal on October 29, 2013, and on the same day, filed cross-claims against Conneen Hooks, Dale Hooks, Tambra Duron, East Oakland Community Project, Oakland Housing Authority, and the City of Oakland. See Dkts. 1, 5. The notice of removal appears to allege that this court has federal question jurisdiction and supplemental jurisdiction over the complaint by virtue of the asserted cross-claims, which make reference to alleged violations of the federal Fair Housing Act. The notice of removal also contains a heading entitled "diversity of jurisdiction," though it makes no mention of the citizenship of the parties or the amount in controversy.

The notice of removal alleges no facts from which the court can find that it has subject matter jurisdiction over the complaint. First, even if the cross-complaint clearly

alleged causes of action based on federal law (i.e., the Fair Housing Act), removal jurisdiction is determined from the face of the original complaint, which alleges only one cause of action under state law. See, e.g., Toumajian v. Frailey, 135 F.3d 648, 653 n.2 (9th Cir. 1998). The court does not consider counter-claims or cross-claims in determining subject matter jurisdiction. K2 America Corp. v. Roland Oil & Gas, LLC, 653 F.3d 1024, 1029 (9th Cir. 2011); Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 327 (5th Cir. 1998) (finding that "defendant's third-party claim alleging a federal question does not come within the purview of § 1441 removability"); see also Redevelopment Agency of City of San Bernadino v. Alvarez, 288 F.Supp.2d 1112, 1115 (C.D. Cal. 2003) (citing Metro Ford and holding that removal "cannot be based on a counterclaim or cross-claim raising a federal question"). Thus, as the complaint alleges only a single claim under state law, the court finds that there is no federal question jurisdiction. Defendants' arguments regarding supplemental jurisdiction appear to be similarly based on the presence of federal cross-claims. Thus, because the court does not consider cross-claims when determining removal jurisdiction, the court also finds that there is no supplemental jurisdiction.

Next, while defendants do make reference to "diversity of jurisdiction," they allege no facts to support such a basis for subject matter jurisdiction. The notice of removal makes no statement regarding the citizenship of the parties or the amount in controversy. Thus, the court finds that there is no diversity jurisdiction over the case.

Accordingly, as the court lacks subject matter jurisdiction, the action is hereby REMANDED to the Alameda County Superior Court. Because the court lacks subject matter jurisdiction, it does not reach the merits of defendants' "application for emergency stay of execution" (which the court construes as a request for temporary restraining order).

Finally, defendants' requests to proceed in forma pauperis are GRANTED, and defendants will not be required to pay the filing fee. However, because the case is remanded, this court does not order the U.S. Marshal to serve the complaint, or any other papers, on the plaintiff or cross-defendants.

3

**IT IS SO ORDERED.**

Dated: November 14, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge